CARLOS CANO v. THE STATE.

No. 11698.   Delivered March 27, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the malicious removal of automobile parts without the owner's consent; penalty, a fine of $25.00.

The parties to this controversy are Mexicans.   It is practically impossible in the state of this record to definitely ascertain what the row between these Mexicans was about.   Supplying by inference what is imperfectly proven, if at all, we gather that one Dominguez sold a car to Jose Quinones for $75.00, upon which Quinones had paid $37.50; that Dominguez had a lien on this car to secure the balance of the purchase price; that Quinones with Dominguez's permission exchanged cars with appellant, Carlos Cano; that after a few weeks both cars were wrecked.   Dominguez ascertained that the tires had been removed from the car sold by him to Quinones and worthless tires substituted.   He tried to collect damages from ap-

pellant, who refused to pay anything, whereupon this prosecution was instituted under Art. 1346, P. C. (1925), which in substance denounces as an offense the malicious removal of any automobile part without the consent of the owner. The theory of the State seems to have been that prosecuting witness, Dominguez, was still the owner of the car in question, though he had sold it. It is fairly inferable that he was a lienholder but we find nothing in the record to indicate that he was its owner. About the clearest statement of Dominguez found in the entire record is the following:

"I sold the car to Quinones for an agreed price of $75.00. Afterwards or during the time he paid me $37.50. As to what was the oral agreement exchanged at the time, I consented for Quinones and Carlos Cano to exchange cars—the agreement became between me and Carlos Cano, his car was my own car after he traded his car to Quinones he would secure my money with this car, and let me see."

This makes the entire transaction as clear as mud. If a Mexican can sell a car and deliver possession of same and still remain its owner as that term is used in Art. 1346, P. C., he has an accomplishment to his credit that his shrewd trading Yankee neighbor has never been able to attain. We confess our inability to see how such a thing can be. Under the terms of said Art. 1346, P. C., the removal must be without the owner's consent. Dominguez not being the owner, but only a lienholder at most, there exists no basis for this conviction. Appellant may have violated another statute, but not Art. 1346.

Judgment reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.